## EX PARTE, SIMPSON.

1. When an application is collateral to the main question, where it is merely auxiliary to the suit, addressing itself to the Court and not to the jury, having no tendency either to prove, or disprove, the matter in controversy, but relating to the preparation of the suit for trial, the parties to the record are competent witnesses.

2. The sureties to a bond for an attachment, may prove that an affidavit was made, and is lost, so that another may be substituted.

Motion for a mandamus to the Circuit Court of Barbour.

MEREDITH B. OWENS commenced a suit by attachment, against Thomas Simpson, returnable to Barbour Circuit Court. The defendants, who were non-residents, appeared and pleaded in abatement, the want of a sufficient affidavit. The plaintiff alledged, that an affidavit had been made, "that said defendants had not sufficient property, within the State or territory, of their residence, to satisfy the debt, within the knowledge of affiant," and the same had been lost or mislaid, and moved for leave to substitute one in *lieu* thereof.

In support of the motion, the plaintiff read the *ex parte* affidavits of Isaac Johnson and Joshua A. Owens, parties to the attachment bond, as it appeared. To rebut the testimony, the defendants produced the attorney, who made the affidavit, upon which the attachment issued, and the justice of the peace who issued the attachment, both of whom swore, they did not remember the making of the additional affidavit, supposed to be lost, but said, they would not swear it had not been made. The justice had much business, and the attorney was sick, when the attachment was issued. The justice also swore, it was his habit to indorse the affidavit, upon the bond or writ of attachment, or, when written upon a separate piece of paper, to annex it with a wafer. The papers showed no mark of annexation. This being all the evidence, the Court permitted the affidavit to be substituted, to which the defendants excepted.

J. COCHRAN, for the motion, cited 7th Porter, 45.

ORMOND, J.—The question presented in this cause, is novel in this Court. The power of the Court to substitute copies of

papers belonging to the cause, and which have been lost, or abstracted from the files, is undoubted, and is a power inherent in all Courts; nor can there be any doubt whatever of the power of the Court, to substitute the affidavit alledged to be lost, upon proof of its loss, and its contents. The difficulty in this case, arises from the fact, that the proof is made by interested witnesses, the sureties in the attachment bond.

Parties to the suit, are admitted as witnesses to prove any collateral matter, which arises in the progress of the cause, which does not involve the matter in controversy, and which is addressed to the Court, and not to the jury. The proof of the loss of a written instrument, so as to let in secondary evidence of its contents, is a familiar example, of the exercise of this power.

The difficulty which has been felt in this case is, that the parties were permitted to prove, not only the loss of the affidavit, but its contents. But we think that this comes within the general rule, as the party interested, would frequently be the only person who could prove the contents. Nor can we perceive any injury likely to follow from the adoption of such a practice, as the application could always be confronted with counter affidavits.

We think, therefore, that when the application is collateral to the main question, where it is merely auxiliary to the suit, addressing itself to the Court, and not to the jury; having no tendency, either to prove, or disprove, the matter in controversy, but relating to the preparation of the suit for trial, the parties to the record are competent witnesses.

Considering these witnesses as competent, there can be no doubt of the correctness of the decision of the Court. They swear positively, that the affidavit was made, before the attachment issued, and this positive proof must outweigh the negative testimony, introduced on the other side.

It results from this examination, that the decision of the Court was correct, and the application for a mandamus must be rejected.

COLLIER, C. J.—The sureties of the plaintiff in the attachment, were interested to prove, that such an affidavit as the statute requires, was made; and, in my opinion, their testimony to establish that fact, should not have been received.